**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHERIE B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Civil Action No. 25-15392 (MAS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Cherie B.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") (ECF No. 1), and Motion for Judgment on the Pleadings (the "Motion") (ECF No. 5[2]). The Commissioner opposed. (ECF No. 7.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision and denies the Motion.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

[2] The Court notes that Plaintiff filed what appears to be two identical motions. (ECF Nos. 5, 6.) For the purposes of its decision, the Court considers ECF No. 5 to be the operative motion.

# I. BACKGROUND

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") finding that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

## A. Procedural Background

Plaintiff filed an application for DIB on June 8, 2022, alleging a disability onset date of November 11, 2014. (AR 203-14, ECF No. 4.[3]) Plaintiff's date last insured was December 31, 2019. (*Id.* at 17, 69.) The Social Security Administration (the "Administration") denied the application both initially and upon reconsideration. (*Id.* at 68-91.) Thereafter, the ALJ held a telephone hearing on June 3, 2024. (*Id.* at 41-66). On July 26, 2024, the ALJ denied Plaintiff's claim. (*Id.* at 14-33.) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 1-3), making the ALJ's July 26, 2024, decision the Commissioner's final decision. This appeal followed. (*See generally* Compl., ECF No. 1.) On February 2, 2026, Plaintiff filed her motion for judgment on the pleadings in this action (Pl.'s Mot., ECF No. 5), and the Commissioner opposed (Def.'s Opp'n Br., ECF No. 7).

## B. The ALJ's Decision

In her July 26, 2024, decision, the ALJ concluded that Plaintiff was not disabled through December 31, 2019, the date Plaintiff was last insured. (AR 33.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 15-16 (citing 20 C.F.R. § 404.1520(a)).) As an initial matter, the ALJ found that Plaintiff

[3] The Administrative Record ("AR") is located at ECF Nos. 4 through 4-34. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

"last met the insured status requirements of the . . . Act on December 31, 2019." (*Id.* at 17.) At step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of November 11, 2014, through her date last insured of December 31, 2019[.]" (*Id.*) At step two, the ALJ determined that Plaintiff had several severe impairments during the relevant period: (1) complex regional pain syndrome of the right lower extremity; (2) lumbar radiculitis; (3) sprain of ligaments of lumbar spine; (4) osteoarthritis of the left knee; (5) left knee cyst; (6) trochanteric bursitis of the bilateral hips; (7) migraine headache disorder; (8) bilateral sensorineural hearing loss; (9) tinnitus; (10) depressive disorder; (11) anxiety disorder; (12) obsessive compulsive disorder; and (13) attention deficit hyperactivity disorder. (*Id.*) The ALJ also found that Plaintiff had the following non-severe impairments: (1) hypothyroidism; (2) hyperlipidemia; (3) rosacea; (4) a 2014 ankle fracture; (5) bilateral carpal tunnel syndrome; (6) chronic sinus infections; and (7) obesity. (*Id.* at 17-18.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526 during the relevant period. (*Id.* at 19.) With respect to Plaintiff's physical impairments, the ALJ stated that she specifically reviewed the listings at, 1.16 (lumbar spinal stenosis), 1.18 (abnormality of a major joint in extremity), 2.10 (hearing loss not treated with cochlear implantation), 11.14 ( peripheral neuropathy), 12.04 ( depressive disorders), 12.06 (anxiety and obsessive compulsive disorders), 12.11 (neurodevelopmental disorders) and SSR 19-4p (which references listing 11.02 for epilepsy in connection with Plaintiff's migraines). (*Id.*)

The ALJ determined that Plaintiff had the residual functional capacity (the "RFC")[4] to perform a range of sedentary work as defined in 20 C.F.R. § 404.1567(a). (*Id.* at 23.) The ALJ determined that Plaintiff could: (1) "lift and carry 10 pounds occasionally and less than 10 pounds frequently"; (2) "stand and / or walk for 2 hours and c[ould] sit for 6 hours in an 8-hour workday"; and (3) "understand, remember, and carry out simple instructions." (*Id.*) Plaintiff's RFC, however, was limited to: (1) "occasionally climb ramps, and stairs, but can never climb ladders, ropes, or scaffolds"; (2) "occasionally balance, stoop, and crouch"; "never . . . kneel or crawl"; (3) "avoid all exposure to hazards"; and (4) "work in an environment with no more than a moderate noise level as defined in the Selected Characteristics of Occupations." (*Id.*)

At step four, the ALJ found that Plaintiff "has no past relevant work[.]" (*Id.* at 31.) The ALJ considered that Plaintiff was 47 years old on the date last insured, which is defined as "a younger individual[,]" and has at least a high school education. (*Id.*) The ALJ determined that "[t]ransferability of job skills is not an issue because [Plaintiff] does not have past relevant work[.]" (*Id.*) Based on the aforementioned factors and Plaintiff's RFC, the ALJ determined that "there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed" through the date last insured. (*Id.* at 32.) In doing so, the ALJ relied upon the testimony of the vocational expert, who testified that an individual of Plaintiff's age, education, work experience, and RFC "would have been able to perform the requirements of representative

[4] RFC is defined as "the most [an individual] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'[R]esidual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by . . . her impairment(s)[.]" (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

sedentary, unskilled (SVP 2) occupations, such as" table worker; parimutuel-ticket checker; addresser; and polisher, eyeglass frames. (*Id.* (emphasis omitted).)

At step five, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, at any time from November 11, 2014 (the alleged onset date), through December 31, 2019 (the date last insured), for the purposes of Plaintiff's DIB claim. (*Id.* at 33.)

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks and citation omitted). Even if the court would have

decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft*, 181 F.3d at 360). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

**B. Establishing Disability**

To be eligible for DIB, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disability.

20 C.F.R. § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates that she suffers from a listed impairment or that her severe impairment is equal to a listed impairment, she is presumed to be disabled and entitled to DIB. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Under the fourth step, the ALJ determines whether the claimant's RFC permits her to resume her previous employment. *Id.* If the claimant's RFC permits previously employment, she is not "disabled" and thus is not entitled to DIB. *Id.* § 404.1520(f). The burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. 20 C.F.R. §§ 404.1520(g). If the Commissioner cannot satisfy this burden, the claimant will receive DIB. *Id.*

## III. <u>DISCUSSION</u>

Plaintiff appeals the ALJ' s decision and raises three main arguments in her motion. (*See generally* Pl.'s Mot.) Specifically, Plaintiff contends that the ALJ erred by: (1) determining that bilateral carpal tunnel syndrome was not a severe impairment and failing to develop the record; (2) determining that Plaintiff could stand/walk for two hours, which is not supported by the

evidence; and (3) inappropriately cherry-picking evidence in connection with her RFC determination, including the ALJ's consideration of treating psychologist, Robert Bransfield, M.D.'s ("Bransfield") opinion testimony. (*Id.* at *10-14.)[5]

As explained below, the Court concludes that the ALJ's decision is supported by substantial evidence in the record.

### A. The ALJ's Determination that Plaintiff's Bilateral Carpal Tunnel Syndrome was not a Severe Impairment is Supported by Substantial Evidence in the Record.

Plaintiff argues that the ALJ erred by failing to adequately develop the record to seek more evidence regarding Plaintiff's manipulative limitations where Plaintiff's treatment records show that she complained of numbness in both hands. (*Id.* at *10-11.)

An impairment is considered "severe" at step two if it "significantly limit[s an individual's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a); *see Bowen*, 482 U.S. at 147. The Third Circuit has described step two as a "*de minimis* screening device" intended to weed out groundless claims. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citations omitted). Accordingly, an ALJ's failure to designate a condition as "severe" does not require remand so long as the ALJ finds in favor of Plaintiff at step two and continues through the remaining steps of the sequential analysis and considers the condition when formulating the RFC. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (citing *Rutherford*, 399 F.3d at 553).

Here, as detailed above, the ALJ found in favor of Plaintiff at step two and continued through the remaining steps of the sequential analysis, and specifically considered Plaintiff's testimony regarding bilateral carpal tunnel syndrome in formulating the RFC. (AR 24.) The ALJ

---

[5] Page numbers preceded by an asterisk refer to the page number atop the ECF header.

correctly noted that there was "no evidence [in the record] of treatment for [twelve] consecutive months during the [applicable time] period[.]" (*Id.* at 18.) In her brief, Plaintiff only cites two isolated treatment notes for carpal tunnel syndrome during the relevant period. (*See* Pl.'s Mot. *10 (citing AR 975, 982).) While Plaintiff also cites "records documenting continued complaint of bilateral hand pain shortly after the relevant period" as evidence that "this was an ongoing problem[,]" these records concern hand pain after a fall that occurred in November 2021, which is well after the relevant period. (Pl.'s Moving Br. *11 (citing AR 1380-83, 1390-92, 1399-1403, 2058-67).)

Further, the ALJ discussed Plaintiff's records submitted post-hearing, which also did not include documentation of any complaints of or treatment for carpal tunnel syndrome. (AR 18.) The ALJ also noted that Plaintiff's treating physician did not "opine as to any manipulative limitations secondary to th[e] alleged diagnosis" of bilateral carpal tunnel syndrome. (*Id.* (citing AR 2040 (treating opinion indicating that Plaintiff did not have any significant limitations with reaching, handling, or fingering)).)

The Court, accordingly, finds that the ALJ's determination that Plaintiff's bilateral carpal tunnel syndrome was not severe is supported by substantial evidence in the record. (*See* generally AR); *see also Mary L. v. Comm'r of Soc. Sec.*, No. 24-10716, 2025 WL 3764875, at *8 (D.N.J. Dec. 30, 2025) (affirming ALJ's determination that plaintiff's carpal tunnel syndrome was not severe where record showed that plaintiff had, among other things, "no significant fingering limitations across numerous examinations" and the ALJ considered the impairment in formulating the plaintiff's RFC).

### B. The ALJ's Determination that Plaintiff Could Stand/Walk for Two Hours is Supported by Substantial Evidence in the Record.

Plaintiff argues that the ALJ erred because her combination of a severe lower leg impairment, left knee condition, and lumbar spine problems would prevent her from standing/walking for two hours per day and from sitting for six hours per day. (Pl.'s Mot. *11-12.)

"Plaintiff bears the burden of proof at the point of RFC determination[.]" *Diaz v. Astrue*, No. 07-3220, 2008 WL 4104564, at *6 (D.N.J. Sep. 3, 2008) (citing *Bowen*, 482 U.S. at 146 n.5). It is not the Commissioner's burden to disprove a claimant's disability. *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000). An ALJ need not "perform a 'function-by-function' analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record." *Glass v. Comm'r of Soc. Sec.*, No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019) (citations omitted).

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." (citations omitted)). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ, however, need include only "credibly established" limitations. *Rutherford*, 399 F.3d at 554; *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" and that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

Here, the Court finds that the ALJ's RFC determination is supported by substantial evidence in the record. The ALJ "provided a thorough analysis of the available medical evidence in the record[.]" *Paul H. v. Comm'r of Soc. Sec.*, No. 24-5970, 2025 WL 1348534, at *5 (D.N.J. May 8, 2025). The ALJ specifically considered: (1) Plaintiff's testimony about her severe lower leg impairment, left knee condition, and lumbar spine problems; (2) the medical records detailing mild swelling and hypersensitivity in Plaintiff's right ankle and an antalgic gait; (3) Plaintiff's 2015 diagnosis of complex regional pain syndrome; (4) Plaintiff's treatment with physical therapy and medication management; (5) Plaintiff's treatment for her left lower extremity and low back during the relevant period; (6) Plaintiff's physical examinations—which showed few abnormalities by August 2017; (7) the prior administrative medical findings of state agency experts James Paolino, M.D., and Sabato Lonbardo, M.D.; and (8) the opinion and treatment records of Plaintiff's treating physician, Steve Swartz, M.D. (*See, e.g.*, AR 23-29, 77-78, 87-88, 1044-45, 1061-62, 1300-02, 1556-58, 2391-95, 2656, 2660.) The ALJ, moreover, then explained that she "consider[ed] the evidence as a whole" and "accounted for [Plaintiff's] subjective reports of physical impairment in combination with the objective evidence by limiting her to less than the full range of sedentary work, including" by determining that Plaintiff "could have stood and / or walked a total of 2 hours and sat for a total of 6 hours in an 8-hour workday during the review period." (*Id.* at 27.)

The ALJ, moreover, explicitly stated that she made her RFC determination "[a]fter careful consideration of the record" (*id.* at 23), a statement that this Court accepts as true, *see Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] he rendered his findings after consideration of the entire record[,]" and that the court

"should take [the ALJ] at his word" (citations omitted)); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at h[er] word[.]").

This Court finds that the ALJ's thorough analysis in formulating the RFC is supported by substantial evidence in the record. *See Marilyn H. v. Comm'r of Soc. Sec.*, No. 21-3334, 2024 WL 1092503, at *5 (D.N.J. Mar. 13, 2024) (affirming ALJ's decision and explaining that "reading the ALJ's decision as a whole reveals [that] there is substantial evidence and sufficient analysis supporting the ALJ's RFC determination"); *Tyler E. K. v. Comm'r of Soc. Sec.*, No. 21-9623, 2022 WL 3913559, at *4 (D.N.J. Aug. 31, 2022) ("Viewing the ALJ's decision and the record as a whole, the Court concludes that the ALJ provided substantial evidence to support the RFC determination."); *Shaw v. Saul*, No. 20-517, 2021 WL 1115917, at *1 n.1 (E.D. Pa. Mar. 24, 2021) (affirming ALJ's decision and concluding that where "reading the decision as a whole" the ALJ "provided an adequate explanation for the RFC assessment by addressing the evidence and explaining why it supported the RFC").

### C. The ALJ's Evaluation of Bransfield's Medical Opinion is Supported by Substantial Evidence in the Record.

Plaintiff argues that the ALJ cherry-picked medical evidence to support her RFC determination and disregarded the opinion of Bransfield—Plaintiff's treating psychologist for over twenty years—while cherry-picking opinions from state agency psychological consultants who had never examined Plaintiff. (Pl.'s Mot. *12-13.)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphasis in original). Under 20 C.F.R. § 404.1520c(a), an ALJ is required to consider medical opinions and determine the persuasiveness of the opinions by considering specific factors listed in the regulations. These

factors include: (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of the treatment relationship; (4) specialization; and (5) other relevant factors. *Id.* § 404.1520c(c). Supportability and consistency are the most important factors. *Id.* § 404.1520c(b)(2). An ALJ, accordingly, must "explain how [she] considered [these two] factors" but need not "explain how [she] considered" the other factors. *Id.*

When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* "[T]he regulations[, moreover,] seek to enforce a 'source level' analysis, rather than dividing each source's opinions into different units to be separately analyzed[,]" so the ALJ need not perform a supportability and consistency analysis "with regard to every aspect of the [medical] opinion." *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). Further, the ALJ is not required to provide a "written analysis about how [she] considered each piece of evidence[.]" *Joseph P. v. Comm'r of Soc. Sec.*, No. 21-13524, 2023 WL 1929945, at *5 (D.N.J. Feb. 10, 2023) (citations omitted). It is, additionally, "not for this [C]ourt to reweigh the various medical opinions in the record[,]" but instead "to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions." *Kelly v. Colvin*, No. 09-759, 2013 WL 5273814, at *10 (D. Del. Sep. 18, 2013) (citations omitted).

Here, contrary to Plaintiff's assertions, the ALJ properly considered the opinions of Bransfield and had substantial evidence to support her conclusion that Bransfield's opinions were not persuasive considering other evidence in the record. The ALJ specifically determined that Bransfield's opinions were not persuasive because they were "inconsistent with [the] relevant

medical evidence" from the applicable time period and explained that "mental status examinations conducted during the review period show [Plaintiff] to be alert, oriented to person, place and time, in no apparent distress, with normal speech and well-adjusted mood and affect." (AR 31.) The ALJ further noted that Bransfield's 2022 opinion that Plaintiff's impairments prevented her from working were "unsupported by any references to clinical findings made during the relevant . . . period" and that such opinions were also "inconsistent with relevant medical evidence from th[e relevant] period." (*Id.* at 30.) The ALJ explained that Plaintiff's mental status examinations taken by examining physicians, including Bransfield, during the review period show Plaintiff as "pleasant, cooperative, alert, oriented to person, place and time, in no apparent distress, with normal speech, well-adjusted mood and affect, with appropriate appearance for clinical encounters and treatment goals, and with appropriate recent and remote memory" and that she "did not display mood changes, depression, or nervousness." (*Id.*) The ALJ also noted that Bransfield's opinions appeared to be formed on medical evidence that post-dates the review period. (*Id.* at 30-31.)

Based on the ALJ's considerations discussed above, the Court finds that "the ALJ appropriately addressed the medical opinion evidence [of Bransfield] and gave h[er] reasons . . . for rejecting" the medical evidence as not persuasive based on the record, a determination that is supported by substantial evidence. *Stephanie P. v. Comm'r of Soc. Sec.*, No. 21-12524, 2023 WL 2214179, at *4 (D.N.J. Feb. 24, 2023); *see also Tricia W. v. Comm'r of Soc. Sec.*, No. 24-11499, 2025 WL 3033994, at *6 (D.N.J. Oct. 30, 2025) (explaining that the ALJ does not have to "supply a comprehensive explanation" and that typically "a sentence or short paragraph would . . . suffice" (quoting *Cotter*, 650 F.2d at 482)).

The Court, accordingly, finds that the ALJ's conclusion that Bransfield's opinion evidence was not persuasive is supported by substantial evidence in the record.

## IV. CONCLUSION

For the reasons outlined above, the Court affirms the Commissioner's decision and denies Plaintiff's Motion. The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 3, 2026